David C. Holland, Esq.  (DH-9718)
The Law Offices of Michael Kennedy, P.C.
419 Park Avenue South - 16th Floor
New York, New York 10016
212-935-4500
Attorneys for Defendant, Daniel Benedict

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____X

VIE LUXE INTERNATIONAL, LLC and                 **Docket # 08 CV 5023 (LAP)**
MARJORIE GUBELMANN RAEIN
                              Plaintiffs,


        -against-


DANIEL BENEDICT

                              Defendant.
_____X



<u>**MEMORANUM OF LAW IN SUPPORT OF PRE-ANSWER MOTION TO DISMISS**</u>
<u>**PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6)**</u>



_____
                                        The Law Offices of Michael Kennedy, P.C.
                                        419 Park Avenue South - 16th Floor
                                        New York, New York 10016
                                        212-935-4500 Phone
                                        212-980-6881 Fax
                                        Attorneys for Defendant, Daniel Benedict



--

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .....................................................................................1

OVERVIEW OF CHALLENGE TO FEDERAL JURISDICTION...............................................1

RELATIONSHIP OF THE PARTIES ..............................................................................2

PLAINTIFF"S ONLY FEDERAL CLAIM ........................................................................2

FEDERALIZING THESE STATE BASED EMPLOYMENT CLAIMS ....................................3

THE COMPUTER FRAUD ABUSE ACT - 18 U.S.C. §1030 .........................................5

18 U.S.C. §1030 ALLOWS ONLY CERTAIN TYPES OF COMPENSABLE DAMAGES ......6

WHAT PLAINTIFFS MUST PROVE ..............................................................................7

CHALLENGES UNDER FRCP 12(b)(1) ....................................................................10

    Facial Attack Under FRCP 12(b)(1) ...................................................................10

    Factual Attack Under FRCP 12(b)(1) .................................................................14

CHALLENGES UNDER FRCP 12(b)(6) ....................................................................18

SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. §1367 .................................19

CONCLUSION .......................................................................................................20

## STATUTES

*Federal Rule of Civil Procedure 12(b)(1)* ...................................................................1,10

*Federal Rule of Civil Procedure 12(b)(6)* .............................................................1,15,18

*28 U.S.C. §1331* ...........................................................................................1,4,19

*28 U.S.C. §1367* ........................................................................................1,3,4,19

*18 U.S.C. §1030* (Computer Fraud Abuse Act ) ...........................................1,3,4,5,6,10

*18 U.S.C. §1030(g)* (Private Cause of Action)................................................ 1,3,5,7,8,10,13,18,19

## **CASE LAW**

*B & B Microscopes v. Armogida 532 F.Supp.2d 744, 757 (W.D.Pa.,2007)* ...................................4

*Bell Atlantic Corp. v. Twombly, 550 U.S. –, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)*.......20

*Cenveo Corp. v. CelumSolutions Software GMBH & Co KG, 504 F.Supp.2d 574, 581 (D.Minn.,2007)*.................................................................................................................................9

*Chosun Creations, Ltd., 413 F.3d 324, 327 (2nd Cir., 2005)*.........................................................20

*Civic Ctr. Motors, Ltd. v. Mason Street Import Cars, Ltd., 387 F.Supp.2d 378, 382 (S.D.N.Y.2005)* .................................................................................................................7,9,14

*Cohen v. Gulfstream Training Academy, Inc. 2008 WL 961472, 5 (S.D.Fla.,2008)* ............... 7,14

*Conley v. Gibson, 355 U.S. 41, 45-46, - L.Ed.2d. -, - S.Ct. - (1957)*............................................20

*Davies v. Afilias Ltd., 293 F.Supp.2d 1265, 1273 (M.D.Fla.2003)* ................................................7

*Duke Power Co., v. Carolina Env. Study Group, Inc., 438 U.S. 59, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978)*.......................................................................................................................................10

*Frees Inc. v. McMillian, 2007 WL 2264457, at \*3 (W.D.La. 2007)*................................................7

*Garland-Sash v. Lewis 2007 WL 935013, 2 (S.D.N.Y.,2007)*.......................................................20

*Genesee Brewing Co. v. Stroh Brewing Co., 124 F.3d 137, 142 (2d Cir.1997)*........................9,14

*Int'l Airport Centers, LLC v. Citrin, 440 F.3d 418 (7th Cir., 2006)*.........................................17,18

*L-3 Commc'ns Westwood Corp., v. Robicharux, 2007 WL 756528 at \*4 (E.D. La. 2007)*...........19

*Makarova v. U.S., 201 F.3d 110, 113 (2nd Cir. 2000)*..................................................................10

*Mortensen v. First Federal Savings & Loan, 549 F.2d 884, 891 (3rd Cir., 1977)*.........................15

*Nexans Wires S.A. v. Sark-USA, Inc., 319 F.Supp.2d 468, 475 (S.D.N.Y.2004), aff'd, 166 Fed. Appx. 559 (2d Cir.2006)* ...............................................................................................6-7, 8,9,13

*P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC, 428 F.3d 504, 509*

*(3d Cir.2005)* .................................................................................................................. 10,14,18

*Perpetual Securities, Inc., v. Tang, 290 F.3d 132, 136 (2nd Cir., 2002)* ........................................ 10

*Register.com, Inc. v. Verio, Inc., 126 F.Supp.2d 238, 252 n. 12 (S.D.N.Y.2000)* .......................... 7

*Southwest Airlines Co. v. Harris, 2007 WL 3285616 (N.D.Tex. 2007)* ......................................... 15

*Theofel v. Farey-Jones, 341 F.3d 978, 986 n. 5 (9th Cir.2003), amended by 359 F.3d 1066, 2004 WL 292101 (9th Cir. 2004)* ............................................................................................................ 8

*United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)* .......... 19

*Williamson v. Tucker, 645 F.2d 404, 415 (5th Cir.1981)* ............................................................ 15

*Winner v. Polistina, 2007 1652292 \*2 (D.N.J. 2007)* ....................................................... 10,15,16,20

## SECONDARY SOURCES

*Thomas J. Fitzgerald, "Deleted But Not Gone: Programs Help Protect Confidential Data by Making Disks and Drives Unreadable," New York Times (National Edition), 11/3/2005, sect C:9.* ...................................................................................................................................... 17

PRELIMINARY STATEMENT

Defendant, Daniel Benedict hereby submits this Memorandum of Law In Support of his Pre-Answer Motion To Dismiss pursuant to *FRCP 12(b)(1)* based on the Court's lack of subject matter jurisdiction over Plaintiffs' claims, as well as *FRCP 12(b)(6)* for failure by to state a cause of action upon which relief may be granted.

OVERVIEW OF CHALLENGE TO FEDERAL JURISDICTION

Plaintiffs bring this state-based employment case attempting to raise federal question jurisdiction under *28 U.S.C. §1331*. They claim that Defendant deleted files from his Company provided laptop computer in violation of federal criminal statute *18 U.S.C. §1030*, the Computer Fraud Abuse Act (hereinafter "CFAA"). The CFAA provides for a private cause of action under *18 U.S.C. §1030(g)* and Plaintiffs seek compensatory damages and injunctive relief afforded therein.

Plaintiffs request that upon a finding of federal question jurisdiction over the CFAA claim that the Court exercise supplemental jurisdiction under *28 U.S.C. §1367* to entertain a host of state-based employment contract and tort claims over which it would otherwise have no subject matter jurisdiction.

Defendant challenges these claims on the grounds that the Complaint is legally, facially, and factually insufficient to give rise to federal subject matter jurisdiction. Defendant further argues that the Court should decline to exercise its discretion and entertain the state-based claims under its supplemental jurisdiction.

RELATIONSHIP OF THE PARTIES

From the Complaint it is obvious that Defendant had been an employee of Vie Luxe (hereinafter "LLC") for several years. He obviously had authority to access the computer LLC provided him. Defendant used it both for personal and business purposes. Defendant also held and still holds a 10% minority interest in the company.

Although LLC enjoyed some success, the personal and business relations between the parties soured. On April 10, 2008, LLC attempted to terminate Defendant for cause. The cause is disputed. LLC also attempted to unilaterally terminate Defendant's minority interest in the LLC. That attempt is also in dispute.

Defendant has and will put forth answers, defenses, rebuttals, and counterclaims to each of LLC's allegations in the proper state jurisdiction.

PLAINTIFF'S ONLY FEDERAL CLAIM

To establish federal jurisdiction in this case the Court need only look at the Complaint's Third Cause of Action found at paragraphs ¶¶50,51,52. The remainder of the Complaint deals exclusively with state-based contract and tort claims.

Plaintiffs claim that Defendant destroyed information on the computer by deleting it. (Complaint ¶52). There is no allegation that he damaged the integrity of the computer. The claim suggests without so stating that he made information unavailable to LLC by hitting the delete button on the computer.

This claim is inherently flawed because deleting information on a computer merely moves it from one location on the computer to another. The information is still available and retrievable. That fact undermines the basis for a CFAA claim.

A jurisdictional element of a valid CFAA claim requires demonstrable and compensable damages of at least $5000. Plaintiffs only allege that they were damaged. There is none of the specific pleading that is required to determine whether the damages are the kind compensable under *18 U.S.C. §1030* or the kind that are not. Nor is there any clue as to any basis to allege $5000 loss or damage.

Since Defendant was ousted from the company, the only other production employee of the LLC has quit. The LLC is now essentially inoperative and unable to meets its debts or fill orders.

<u>FEDERALIZING THESE STATE BASED EMPLOYMENT CLAIMS</u>

Plaintiffs' attempt to federalize their otherwise common state-based breach of contract claims and enforceme restrictive covenants by asking the Court to assert supplemental jurisdiction under *28 U.S.C. §1367*. But for the CFAA and *18 U.S.C. §1030(g)* the Court would have no jurisdiction over those issues. Plaintiffs have bootstrapped their state-based claims, which are the true gravamen of the action, to a CFAA *18 U.S.C. §1030(g)* claim predicated entirely upon alleged deletion of unspecified information and un-particularized damages incurred as a result. *See, Complaint ¶3, ¶37, ¶49, ¶50, ¶51, ¶52, ¶55, ¶56, ¶59, ¶60, ¶70, ¶82.*

It seems *en vogue* these days for employers, such as Plaintiffs, to fashion a claim against a former employee under the CFAA based on the perfunctory act of deleting personal or non-confidential/proprietary email or information from a company computer. Employers use the CFAA not only as a means to seek both compensatory damages for the 'loss' or 'damage' to the confidential/proprietary information stored on one of their computers, but also as a springboard to take advantage of the injunctive relief offered under the statute to enforce restrictive covenants

and non-compete clauses that were part of the original employment contract.  *See, B & B Microscopes v. Armogida 532 F.Supp.2d 744, 757 (W.D.Pa.,2007)("[e]mployers ... are increasingly taking advantage of the CFAA's civil remedies to sue former employees and their new companies who seek a competitive edge through wrongful use of information from the former employer's computer system").*

By proceeding in this manner, the employer exaggerates its damage and elevates the employee's mundane and innocuous email deletions to 'make a federal case' out of the employment dispute. Employers do so because they not only can get to court more quickly, but also in hopes of having all of their state-based claims heard on an expedited basis by the Court's exercise of supplemental jurisdiction over claims that otherwise have no federal nexus.  *See, 28 U.S.C. §1367.*

Plaintiffs predicate federal question subject matter jurisdiction under *28 U.S.C. §1331* by alleging a violation of the CFAA (*18 U.S.C. §1030).*  Specifically, they claim that:

> "...Benedict has brazenly violated the restrictive covenants contained in the Membership Agreement.  First, *on information and belief* , Defendant has *taken* numerous files containing important confidential client and business information and has *refused to return them, including numerous electronic files that have been deleted from the Company's laptop computer that Benedict used*". Complaint ¶37 *[Emphasis Added].*

Plaintiffs claim that:

> "In April 2008, Defendant *unlawfully, knowingly and intentionally accessed Vie Luxe's computer without authorization or in excess of his authorization, and thereby obtained and destroyed Vie Luxe's valuable proprietary and confidential business information from such computer.*" Complaint ¶50 *[Emphasis Added]*.

> "Defendant *obtained and destroyed Vie Luxe's property in furtherance of his violation of his contractual and fiduciary obligations* not to solicit Vie Luxe's clients or interfere with its client relationships." Complaint ¶50 [Emphasis Added].

"Vie Luxe's _computer constitute a 'protected computer' under the Computer Fraud Abuse Act, 18 U.S.C. 1030 because it is used in interstate commerce_." Complaint ¶51 _[Emphasis Added]_.

"As a _direct result of Defendant's intentional, unauthorized access to and unlawful deletion of Vie Luxe's valuable and proprietary and confidential information, Vie Luxe has incurred damages in an amount greater than $5,000_." Complaint ¶52 _[Emphasis Added]_.

"In fact, Benedict also has _intentionally deleted Company property_ from the laptop computer he used _while employed at the Company_." Complaint ¶60 _[Emphasis Added]_.

<u>THE COMPUTER FRAUD ABUSE ACT - 18 U.S.C. §1030</u>

Plaintiffs never identify which section of the CFAA that Defendant allegedly violated (a

basis in and of itself for dismissal of the claim). The sections that seem to most approximate the

language of their Complaint are:

18 U.S.C.A. § 1030. - Fraud and related activity in connection with computers
**(a)** Whoever–
...
    **(5)(A)(i)** knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer;
        **(ii)** intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage; or
        **(iii)** intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage; and
    **(B)** by conduct described in clause (i), (ii), or (iii) of subparagraph (A), caused (or, in the case of an attempted offense, would, if completed, have caused)--
        **(i)** loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value;
...
**(e)** As used in this section--
    **(1)** the term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or

typesetter, a portable hand held calculator, or other similar device;

    **(2)** the term "protected computer" means a computer–

...

        **(B)** which is used in interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States;

...

    **(6)** the term "exceeds authorized access" means to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter;

...

    **(8)** the term "damage" means any impairment to the integrity or availability of data, a program, a system, or information;

...

    **(11)** the term "loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service; and

    **(12)** the term "person" means any individual, firm, corporation, educational institution, financial institution, governmental entity, or legal or other entity.

...

**(g)** Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in clause (i), (ii), (iii), (iv), or (v) of subsection (a)(5)(B). Damages for a violation involving only conduct described in subsection (a)(5)(B)(i) are limited to economic damages.

....

### 18 U.S.C. §1030 ALLOWS ONLY CERTAIN TYPES OF COMPENSABLE DAMAGES

The words 'loss' and 'damage' in *§1030(e)(11)* and *(g)* relate to the <u>cost of remediation, replacing, or retrieving the information</u> on a protected computer <u>or losses incurred as a result of the interruption of service</u> of the protected computer which are compensable.  Incidental loss of profits or interference with speculative business relations are not compensable under the statute.

*See, e.g., Nexans Wires S.A. v. Sark-USA, Inc., 319 F.Supp.2d 468, 475 (S.D.N.Y.2004), <u>aff'd</u>, 166 Fed. Appx. 559 (2d Cir.2006)("loss"is "a cost of investigating or remedying damage to a*

*computer, or a cost incurred because the computer's service was interrupted."); See also, Frees*

*Inc. v. McMillian, 2007 WL 2264457, at \*3 (W.D.La. 2007); Davies v. Afilias Ltd., 293*

*F.Supp.2d 1265, 1273 (M.D.Fla.2003).*

"[T]he plain language of the statute treats lost revenue as a different concept from

incurred costs, and permits recovery of the former only where connected to an "interruption in

service." *Nexans Wires S.A., supra, 166 Fed.Appx. at, 562 -563; See also, Civic Ctr. Motors, Ltd.*

*v. Mason Street Import Cars, Ltd., 387 F.Supp.2d 378, 382 (S.D.N.Y.2005) (loss of "competitive*

*edge" claim not caused by computer impairment or computer damage was not cognizable under*

*the CFAA); Register.com, Inc. v. Verio, Inc., 126 F.Supp.2d 238, 252 n. 12 (S.D.N.Y.2000)*

*("Although lost good will or business could provide the loss figure required ..., it could only do*

*so if it resulted from the impairment or unavailability of data or systems.").*

It should be noted that confidential information taken by a faithless employee for personal

advantage is not a compensable loss under 1030(g). *Nexans Wires S.A., supra, 319 F.Supp.2d at*

*471 -478,  aff'd 166 Fed.Appx. at 562 -563 (2nd Cir., 2006); See, Cohen v. Gulfstream Training*

*Academy, Inc. 2008 WL 961472, 5 (S.D.Fla.,2008)(partial summary judgment finding that "lost*

*profits stemming from Plaintiff's copying of customer information is not compensable under the*

*CFAA.").*

The unspecified 'losses' pled by Plaintiffs do not meet these legal and jurisdictional

requirements.

<u>WHAT PLAINTIFFS MUST PROVE</u>

Section *§1030(g)* provides that a civil action may only be brought if the conduct involves

one of the factors set forth in clause (i), (ii), (iii), (iv) or (v) of subsection (a)(5)(B). *18 U.S.C. §*

*1030(g)*. Here, lacking any specific allegation as to the statutory section violated by Defendant, the section that closest approximates the allegations in the Complaint seems to be (a)(5)(B)(i): "loss to 1 or more persons during any 1-year period ... aggregating at least $5,000 in value." Section *§1030(e)(11)* defines "loss" as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." "Damage" is defined as "any impairment to the integrity or availability of data, a program, a system, or information." *§1030(e)(8)*.

Plaintiffs must particularly plead and prove these jurisdictional threshold legal requirements and facts in order to attain subject matter jurisdiction and sue on the CFAA claim. *See, Nexans Wires S.A., supra,  319 F.Supp.2d at 472; Theofel v. Farey-Jones, 341 F.3d 978, 986 n. 5 (9th Cir.2003), amended by 359 F.3d 1066, 2004 WL 292101 (9th Cir. 2004).*

To successfully maintain this cause of action under *18 U.S.C. §1030(a)(5)(B)(i) and (g)*, which Plaintiffs cannot, they need to plead:

(1)  a specific violation of *18 U.S.C. §1030(a)(5)(A)(i-iii)* was committed by Defendant,

(2)  that he intentionally tampered with or deleted confidential and/or proprietary information belonging to Plaintiffs;

(3) that such deletion causing 'loss' and/or 'damage' to the information stored on the computer was without authorization or in excess of his authority to do so as Manager and minority member of LLC,

(4) that the information could not be retrieved from the computer or the problem

remedied without incurring at least $5000 in expense, or

(5) that the effect of the 'loss' or 'damage' to the information stored on the computer

caused an 'interruption of service' creating consequential damages of at least $5000, *See*,

*Nexans Wires S.A., supra, 319 F.Supp.2d at 477-78 (because § 1030(e)(11) limits "loss"*

*to costs incurred because of interruption of service, loss of business due to defendant's*

*use of proprietary information was not covered by the CFAA)*; *accord, Cenveo Corp. v.*

*CelumSolutions Software GMBH & Co KG, 504 F.Supp.2d 574, 581 (D.Minn.,2007)*.

In order to obtain a preliminary injunction, Plaintiffs must demonstrate (1) that they will

be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success

on the merits or (b) sufficiently serious questions going to the merits of the case to make them a

fair ground for litigation, and a balance of hardships tipping decidedly in its favor. *See, Civic*

*Center Motors, Ltd. , supra, 387 F.Supp.2d at 382; Genesee Brewing Co. v. Stroh Brewing Co.,*

*124 F.3d 137, 142 (2d Cir.1997)*.

Plaintiffs have failed to state with particularity any imminent harm or immediate threat

that they have faced as a result of Defendant's actions.  Plaintiffs have not demonstrated that they

even know what information, if any, was taken, stolen, or deleted by Defendant.  Further, they

have not even stated how that information was irretrievably deleted, impaired, or damaged upon

the computer. *See P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC, 428*

*F.3d 504, 509 (3d Cir.2005) (affirming denial of preliminary injunctive relief under CFAA where*

*plaintiffs did not know, had not shown, and could not show "what information, if any, was taken"*

*by former employee who accessed computer without authorization)*. Based on the lack of

requisite jurisdictional facts, Plaintiffs have not properly asserted a request for injunctive relief

under *18 U.S.C. §1030(g)*.

## CHALLENGES UNDER FRCP 12(b)(1)

When deciding a motion to dismiss for lack of subject matter jurisdiction pursuant to *FRCP 12(b)(1)*, Plaintiff's must affirmatively establish subject matter jurisdiction. *Makarova v. U.S., 201 F.3d 110, 113 (2nd Cir. 2000)*. Review under Rule *12(b)(1)* for lack of subject matter jurisdiction requires the court to decide first whether it reviews the motion as a "facial attack" or a "factual attack" against the complaint. *Winner v. Polistina, 2007 1652292 *2 (D.N.J. 2007)*. The Court may dismiss for lack of subject matter jurisdiction if the cause of action alleged in the complaint is 'patently' without merit. *Perpetual Securities, Inc., v. Tang, 290 F.3d 132, 136 (2nd Cir., 2002); Duke Power Co., v. Carolina Env. Study Group, Inc., 438 U.S. 59, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978)*.

## Facial Attack Under FRCP 12(b)(1)

Under the liberal pleading rules, and accepting all of the allegations as true, Plaintiffs patently failed in every respect to (1) identify the particular provision of the CFAA violated; (2) identify the nature of the information that was deleted; (3) demonstrate that such information was deleted without authority; or (4) sufficiently demonstrate that the costs incurred to retrieve the information or remedy the situation exceeded $5000 as required under *18 U.S.C. §1030*.

Do they claim a violation of *18 U.S.C. §1030(a)(2)(C)* by Defendant exceeding his authority and accessing information from a 'protected computer' used in interstate commerce? Or, did he violate *18 U.S.C. §1030(a)(5)(A)(iii)* by intentionally accessing a 'protected computer' used in interstate commerce without authorization and as a result caused damage in excess of $5,000 which is recognized under *18 U.S.C. §1030(a)(5)(B)(i)*? Or, did he violate *18 U.S.C.*

*§1030(a)(5)(A)(i)* by knowingly causing a transmission of a command to delete information to a 'protected computer' used in interstate commerce thereby causing damage to the integrity of the information and computer?  Lacking particularization of the provision that Defendant allegedly violated the CFAA claim must fail.

Plaintiffs entire federal case boils down to 5 simple points found at paragraphs ¶¶2, 32-33 and 49-52. of the complaint: Those are that:

- Defendant was allegedly given notice of termination on March 26, 2008.  He had a 15 day period to cure in accordance with Section 12 of the Second Operating Agreement. *(Complaint ¶32)*.

- Defendant remained an employee at least until April 10, 2008 *(Complaint ¶2, ¶33)*.  Defendant still owns a 10% minority interest.

- In April 2008, Defendant "unlawfully, knowingly, and intentionally" accessed the computer and "thereby obtained and destroyed Vie Luxe's valuable property and confidential business information from such computer." *(Complaint ¶49)*.

- Defendant "obtained and destroyed Vie Luxe's property in furtherance of his violation of his contractual and fiduciary obligations not to solicit Vie Luxe's clients or interfere with its client relationships." *(Complaint ¶50)*.

- Vie Luxe's computer was a 'protected computer' used in interstate commerce *(Complaint ¶51)*.

- As a direct result of Defendant's "intentional, unauthorized access to and unlawful deletion of Vie Luxe valuable and proprietary and confidential information, Vie Luxe has incurred damages in an amount greater that $5000. *(Complaint ¶52)*.

Close scrutiny of these points overwhelmingly demonstrates that the CFAA claim is asserted on nothing more than unsubstantiated conclusory allegations. These allegations facially and factually cannot confer subject matter jurisdiction upon this Court.

First, Plaintiffs cannot identify when the deletions were made other than in "April, 2008". *(See, Complaint ¶49).*

Second, Plaintiffs cannot distinguish that period of time between the March 25, 2008 - April 10, 2008 cure period, when Defendant was an employee and 10% minority member of LLC with authorized access, from April 10, 2008 - April 30, 2008 representing the day of termination to the end of the month where access the computer was ostensibly denied. *(Complaint ¶¶2, 33, 49).*

Third, lacking a specific time period for the deletions, it is impossible for Plaintiffs to factually state that any and all deletions in April 2008 were done unlawfully regardless of whether Defendant deleted items intentionally and knowingly in the course of his business and personal affairs. *(See, Complaint ¶49-50).*

Fourth, no factual support has been put forth for the claim that Defendant intentionally damaged LLC confidential/proprietary information rather than merely deleting it. *(See, Complaint ¶49).*

Fifth, merely stating that the information deleted was "valuable property" does not establish the $5000 economic threshold to maintain the CFAA action and confer subject matter jurisdiction. *(Complaint ¶49).*

Sixth, there is no factual basis to conclude that any deletion performed by Defendant was in furtherance of his plan to violate his contractual non-compete obligations. *(Complaint ¶50).*

Seventh,  Plaintiffs misapply the language of *18 U.S.C. §1030* by characterizing the value of the deleted information as being in excess of $5000 *(Complaint ¶52)*, and not factually stating that the costs for the recovery or replacing the information exceeded that threshold amount as required for a CFAA claim.  *See, Nexans Wires S.A., supra, 319 F.Supp.2d at 475, aff'd, 166 Fed. Appx. 559 (2d Cir.2006).*

As seen, the 'factual' allegations of the Complaint are completely devoid of fact and lacking in a legal understanding of the threshold requirements of the CFAA.  Worse, Plaintiffs seek injunctive relief under *18 U.S.C. §1030(g)*, while failing to allege what the irreparable damage or imminent harm is that they continue to face today as a result of Defendant's past actions.  *(Complaint ¶¶81-88).*  Their bare allegations are:

●Defendant "continues to retain wrongfully...valuable proprietary and confidential business information to the Company's detriment" and Defendant "has used this information for purposes of violating his non-solicitation agreement and providing services of the kinds that Vie Luxe provides to its clients and potential clients." *(Complaint ¶82),* i.e., the information has not been destroyed.

●"Plaintiffs are likely to succeed on the merits of their claim on account of [Defendant's] blatant breaches of his contractual obligations." *(Complaint ¶86).*

●"Pursuant to Section 3.05 of the Membership Agreement, Defendant acknowledged and agreed that Plaintiff shall be entitled to injunctive relief without the necessity of proving the inadequacy of money damages, enjoining him and restraining him from violating his confidentiality, return of property and non-solicitation obligations." *(Complaint ¶87).*

Arguing that Defendant misappropriated confidential information to violate his non-

compete agreement and provide services to potential rivals is not persuasive and is not actionable under the CFAA and injunctive relief provisions. *See, Cohen v. Gulfstream Training Academy, Inc. 2008 WL 961472, supra, at 5.*

The provisions of the Membership Agreement are unavailing as they offer no legal or factual support to the application for injunctive relief. As stated above, despite the agreement, Plaintiffs must demonstrate that they will be irreparably harmed in the absence of an injunction, and that they have a likelihood of success on the merits. *Civic Center Motors, Ltd., supra, 387 F.Supp.2d at 382; Genesee Brewing Co., supra, 124 F.3d at 142*. Merely stating a belief that they will succeed on the merits is not enough. The actual controversy must be specifically pled. Not only have they failed to state the ongoing harm, but they have failed to identify the confidential information that allegedly allows Defendant to continue to perpetuate the harm against them. This is critical to a request for injunctive relief under the CFAA. *P.C. Yonkers, Inc., supra, 428 F.3d at 509 (affirming denial of preliminary injunctive relief under CFAA where plaintiffs did not know, had not shown, and could not show "what information, if any, was taken" by former employee who accessed computer without authorization).*

The request for injunctive relief should fail also under the facial attack test. There is no factual support for the claim that could confer subject matter jurisdiction on this Court.

## Factual Attack Under FRCP 12(b)(1)

The "factual attack" permits the district court to proceed in a manner that it cannot under *Rule 12(b)(6)*, failure to state a cause of action, and FRCP Rule 56 motion for summary jurisdiction.

"Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction [-] its

> very power to hear the case[.]. [T]here is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  In short, no presumptive truthfulness attaches to Plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  Moreover, the Plaintiff will have the burden of proof that jurisdiction does in fact exist."
> *Winner v. Polistina, 2007 1652292 \*2 (D.N.J. 2007), quoting, Mortensen v. First Federal Savings & Loan, 549 F.2d 884, 891 (3rd Cir., 1977).*

When the attack in a motion to dismiss is not just against a colorable cause of action under the CFAA, but includes whether the "losses" allegedly fall within the parameters of the term "loss" as set out in the civil remedies authorized under the CFAA, then outright dismissal is appropriate. *Southwest Airlines Co. v. Harris, 2007 WL 3285616 (N.D.Tex. 2007)*; *See also, Williamson v. Tucker, 645 F.2d 404, 415 (5th Cir.1981)(federal court should not dismiss a claim for lack of subject matter jurisdiction, **except "[w]here the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action")**[Emphasis Added].

Defendant should succeed with his factual attack on the CFAA and lack of jurisdiction claim.  Plaintiffs have failed to identify: (1) on what date Defendant deleted the emails; (2) whether he was employed by LLC at the time he deleted the emails; (3) whether he would otherwise have been authorized and within the scope of his duties to delete the emails but for his alleged termination; (4) whether, if authorized to use the computer, Defendant exceeded his authority when he allegedly deleted the email data from it; (5) that there was an interruption of service caused to LLC as a result of any such deletions; (6) that any economic damages suffered were the result of that interruption of service; (7) that the information is irretrievable or has in fact since been recovered; and, (8) that the costs associated with efforts to retrieve or replace the

"loss" or "damage" to the information exceeded $5000.  None of these critical facts are alleged.

These facts are essential to determining the subject matter jurisdiction of this Court.

Further, Plaintiffs pleading creates a quandary in that it fails to properly identify

Defendant's *mens rea* at the time of the deletion.  The appropriate *mens rea* is necessary to

prosecute a claim under the CFAA.  Credence for this argument is found in the *Chas. S. Winner,*

*Inc. v. Polistina case (2007 WL 1652292, at  *4-5)* where the Court stated:

> "Title 18, U.S.C. Section 1030 is a criminal statute. As such, it is narrowly
> construed, Dowling v. United States, 473 U.S. 207, 213 (1985), and encompasses
> only that conduct Congress intended to criminalize. It follows then--unless it
> expressly states otherwise--that when Congress created a private cause of action
> within this criminal statute it intended to limit that cause of action to the conduct
> reached by the criminal statute. See 18 U.S.C. § 1030(g)("Any person who suffers
> ... by reason of a violation of this section ....")(emphasis added).**We find nothing
> in the structure or language of the statute to suggest that Congress intended
> to create a private cause of action against employees whose crime, if you will,
> merely involved the use of ordinary e-mail in a manner disloyal to their
> employer and in breach of their employment contract. The use of e-mail in
> the context of routine business activity--and for purposes both banal and
> hurtful--is almost universal and was so when Congress amended the statute.
> If such conduct violates the CFAA there would be no principled limit to the
> kinds of business disputes that Section 1030, and perforce its private right of
> action, would reach. We are convinced that if Congress had intended to
> bring the kind of employment dispute found in this case and so common in
> state court within the jurisdiction of the federal courts merely because a
> disloyal employee used e-mail to further his disloyal conduct it would have
> done so much more directly and with resounding clarity."***[Emphasis Added]*.

Instead, Plaintiffs try to circumvent the *mens rea* problem by concluding that Defendant

"[a]s a direct result of [his] intentional, unauthorized access to and unlawful deletion of

...information, LLC has incurred damages...." *(Complaint ¶52)*.  As pled, Defendant's intentional

act was to knowingly and intentionally delete information, NOT to cause damage to the

information in order to damage LLC or prevent them from accessing their confidential or

proprietary information.  Plaintiffs may recognize that anomaly when they state: "In fact, Benedict also has intentionally deleted Company property from the laptop computer he used <u>while employed at the Company</u>." *(Complaint ¶60) [Emphasis Added]*. They fail to assert that 'while employed at the Company', Defendant acted in a manner that breached any duty of loyalty owed to Plaintiffs which might otherwise satisfy the scienter requirement seemingly necessary for a violation of CFAA.

In *Int'l Airport Centers, LLC v. Citrin, 440 F.3d 418 (7th Cir., 2006)*, defendant decided to quit his job and go into business for himself, in breach of his employment contract.  Before returning the laptop to his employer he deleted all the data in it by uploading and using a third party erasure program.  The deletions involved not only the data that he had collected during the course of his employment, but also data that would have revealed to improper conduct and breach of his duty of loyalty in which he had engaged before he decided to quit. In analyzing the facts about deletion of information in light of a CFAA claim  the Court stated:

> "Ordinarily, pressing the 'delete' key on a computer (or using a mouse click to delete) does not affect the data sought to be deleted; it merely removes the index entry and pointers to the data file so that the file appears no longer to be there, and the space allocated to that file is made available for future write commands.  Such 'deleted' files are easily recoverable."
> *Int'l Airport Centers, LLC v. Citrin, 440 F.3d 418, 419 (7th Cir., 2006).*
> *See also, Thomas J. Fitzgerald, "Deleted But Not Gone: Programs Help Protect Confidential Data by Making Disks and Drives Unreadable," New York Times (National Edition), 11/3/2005, sect C:9.*

The <u>Citrin</u> Court, in ruling that a breach of the duty of loyalty caused revocation of authority to access the subject computer, nonetheless stated that even mass deletion like Citrin's via the "delete" key or a mouse click would not seem to fall into the 'loss' or 'damage' definitions found in *(e)(11)* and *(g)* of the CFAA. *Id.*

Here, unlike _Citrin_, Plaintiffs have not alleged that Defendant uploaded a third party erasure program onto the computer prior to or for the purpose of deleting the information. Instead they have failed to allege how the information was deleted at all leaving Defendant and the Court with no choice but to conclude that in Plaintiffs' opinion it was done by merely hitting the 'delete' button.  _Citrin_ instructs that deletion by that method does not fall within the purview of the CFAA statute.  Therefore, the claim must fail under the factual attack prong of the test.

Plaintiffs' request for injunctive relief pursuant to _18 U.S.C. §1030(g)_ to enforce the restrictive covenants and non-compete clause of the employment contract must also fail under either the facial or factual attack prongs of the _12(b)_ motion.

As stated above, Plaintiffs' request for injunctive relief fails to state with particularity what information was originally on the computer, what information was deleted or impaired when the computer was returned to them, and fails to identify what information was otherwise 'stolen' from the computer causing Defendant to breach his non-compete agreement which continues to pose imminent harm and/or irreparable damage to LLC. A patently insufficient claim such as this should be dismissed out of hand.   _See P.C. Yonkers, Inc., supra_.

## CHALLENGES UNDER FRCP 12(b)(6)

Even in the light most favorable to Plaintiffs, they fail to state a cause of action when they seek to (1) recover speculative damages, (2) based on alleged destruction or deletion of unidentified computer data, (3) that may have occurred in April 2008 when Defendant was employed by and authorized to use the computer, (4) resulting in unidentified loss of business and profits, and (5) tortious interference with existing and potential clients (6) requiring unspecified compensatory damages and (7) an injunction against unidentified harms in

accordance with *18 U.S.C. §1030(g)*.

The pleading lacks any specificity of threshold facts that must be presented for this Court to find subject matter jurisdiction. Further, as pled, the types of claims asserted are not the type of 'loss' or 'damage' that are recoverable under the statute. *L-3 Commc'ns Westwood Corp., v. Robicharux, 2007 WL 756528 at \*4 (E.D. La. 2007)("...trade secrets and lost profits are not contemplated by the CFAA. Losses under CFAA are compensable when they result from damage to a computer system or the inoperability of the accessed system.")*. Therefore, this Court should find that Plaintiffs have failed to state a cause of action under the CFAA and that it has therefore been deprived of federal question subject matter jurisdiction under *28 U.S.C. §1331*.

<u>SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. §1367</u>

Upon finding a lack of subject matter jurisdiction, this Court should decline to exercise its supplemental jurisdiction under *28 U.S.C. §1367(3)*. The state-based breach claims do not arise from the same nucleus of facts (abuse of computer) which would make it appropriate to retain the case. *See, Nexans Wires S.A., supra, 319 F.Supp.2d at 478; United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)*. Even if the Court were to find original jurisdiction over the CFAA claim, it is respectfully submitted that the numerous state-based claims would subsume and 'predominate' the CFAA claim such that the Court should elect not to entertain the case. *28 U.S.C. §1367(c)(2)*.

<u>CONCLUSION</u>

Dismissal of the CFAA claim and request for injunctive relief is appropriate in this case because Plaintiffs have not pled jurisdictional or material facts under the CFAA to confer subject matter jurisdiction upon this court. Mere conclusory statements cannot "nudge[] their claims

across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly, 550 U.S. –, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).* It is respectfully submitted that Plaintiffs have even failed to present any facts entitling to relief (*Garland-Sash v. Lewis 2007 WL 935013, 2 (S.D.N.Y.,2007), quoting, Chosun Creations, Ltd., 413 F.3d 324, 327 (2ⁿᵈ Cir., 2005); See also, Conley v. Gibson, 355 U.S. 41, 45-46, - L.Ed.2d. -, - S.Ct. - (1957)).*

The *Winner* Court said it best when they stated:

> "What this case boils down to are allegations of breach of employment covenants and the usual torts that attend such employment disputes. Such disputes existed long before e-mails and the routine use of computers to communicate business information. Absent diversity jurisdiction, a case of this kind sounds in state statutory and common law and is heard in state Court." *Winner v. Polistina, 2007 WL 1652292 4-5 (D.N.J. 2007).*

Lacking subject matter jurisdiction over the federal question claim the Court should decline to exercise its supplemental jurisdiction over the remaining state-based claims.

For the foregoing reasons Defendant's Pre-Answer Motion To Dismiss should be granted.


Dated: New York, New York
      June 18, 2008

        The Law Offices of Michael Kennedy, P.C.


          /s/
        By: David C. Holland, Esq. (DH-9718)
        419 Park Avenue South - 16th Floor
        New York, New York 10016
        212-935-4500 Phone
        212-980-6881 Fax
        Attorneys for Defendant, Daniel Benedict