,UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
VIE LUXE INTERNATIONAL, LLC AND MARJORIE :
GUBELMANN RAEIN, :
: 08 Civ. 5023 (LAP)(GWG)
Plaintiffs, :
:
v. : **ORDER TO SHOW**
: **CAUSE**
DANIEL BENEDICT, DANIEL BENEDICT DESIGN, INC., :
AND MICHELE BROWN, :
:
Defendants. :
-------------------------------------------------------------------- X

    Upon consideration of the Affidavit of Marjorie Gubelmann Raein, sworn to the 19th day of June 2008 and the exhibits attached thereto, the Affidavit of Julie Bedard, sworn to the 19th day of June 2008 and the exhibits attached thereto, the Affidavit of Christopher Andrews sworn to the 18th day of June 2008 and the exhibits attached thereto, and the Declaration of Julia C. Spivack, sworn to the 23rd day of June 2008 and the exhibits attached thereto, the Memorandum of Law in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction and after due deliberation and good cause shown, it is hereby,

    ORDERED, that defendants show cause before this Court at Room __, United States Court House, 500 Pearl Street, New York, New York, on June __, 2008 at ___ o'clock in the __.m. thereof, or as soon thereafter as counsel can be heard, why a preliminary injunction should not be issued enjoining Defendants, and all persons acting in concert with them or on their behalf, from (i) using or disclosing confidential and proprietary information of Vie Luxe International LLC (hereinafter "the Company") and Marjorie Gubelmann Raein (together with the Company, the "Plaintiffs"); (ii) soliciting the employment or services of, or hiring or engaging, or assisting anyone else to hire or engage, any person who was known to be employed

by or was a known employee to the Company or independent contractor to the Company upon the termination of Defendant's services to the Company, or within twelve months prior thereto; (iii) causing or attempting to cause any customer that Defendants serviced or learned of while in the employ of the Company ("Customer"), or any potential customer of the Company which has been the subject of a known written or oral offer or proposal by the Company, or of substantial preparation of such a proposal or offer, within twelve months prior to his termination ("Potential Customer"), licensor, supplier, or vendor of the Company to reduce or sever its affiliation with the Company; (iv) performing any work or services for, any Customer or Potential Customer, which business, work or services is similar or related to the business of the Company; or (v) otherwise interfering with the business or accounts of the Company; and it is further

ORDERED, that good cause having been shown and the likelihood of success on the merits and irreparable harm being established, and to prevent imminent and irreparable injury, loss and damage to Plaintiffs, pending the hearing on the motion for preliminary injunction, that Defendants, and all persons acting in concert with them, shall be and hereby are enjoined and restrained from (i) using or disclosing confidential and proprietary information of Plaintiffs; (ii) soliciting the employment or services of, or hiring or engaging, or assisting anyone else to hire or engage, any person who was known to be employed by or was a known employee to the Company or independent contractor to the Company upon the termination of Defendants' services to the Company, or within twelve months prior thereto; (iii) causing or attempting to cause any customer that Defendants serviced or learned of while in the employ of the Company ("Customer"), or any potential customer of the Company which has been the subject of a known written or oral offer or proposal by the Company, or of substantial preparation of such a proposal or offer, within twelve months prior to his termination ("Potential Customer"), licensor, supplier,

or vendor of the Company to reduce or sever its affiliation with the Company; (iv) performing any work or services for, any Customer or Potential Customer, which business, work or services is similar or related to the business of the Company; or (v) otherwise interfering with the business or accounts of the Company; and it is further

ORDERED that answering papers, if any, shall be served by hand upon counsel for Plaintiffs, and filed with this Court, no later than 5 o'clock p.m. on June __, 2008, and reply papers, if any, shall be served by hand upon counsel for Defendants and filed with the Court no later than June __, 2008.

IT IS FURTHER ORDERED, that service of this Order to Show Cause, together with the papers on which it was granted, shall be deemed good and sufficient service if made by personal delivery, electronic mail, or facsimile on Defendants or their counsel on or before ___.m. on June ___, 2008.

Dated: New York, New York
      June __, 2008

Issued: _____.m.

                                              Hon. Loretta A. Preska, U.S.D.J.

SK 26271 0001 891637