Michael Kennedy, Esq. (MK4403)
The Law Offices of Michael Kennedy, P.C.
419 Park Avenue South - 16th Floor
New York, New York 10016
212-935-4500
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
———————————————————————X

VIE LUXE INTERNATIONAL, LLC and
MARJORIE GUBELMANN RAEIN
                      Plaintiffs,

  -against-

DANIEL BENEDICT,
DANIEL BENEDICT DESIGN, INC.
and MICHELE BROWN,
                      Defendants.
———————————————————————X

Docket # 08 CV 5023 (LAP)

ANSWER TO FIRST
AMENDED COMPLAINT
AND COUNTER-CLAIMS

     PLEASE TAKE NOTICE that the Defendants, Daniel Benedict, and Daniel Benedict Design, Inc., through their attorneys, The Law Offices of Michael Kennedy, P.C., hereby appear in the above captioned action and request that all further communications be directed to the address listed below.

     PLEASE TAKE FURTHER NOTICE that Defendants hereby answer the allegations of the First Amended Complaint as forth below: GENERAL DENIAL

1.   Deny the allegations set forth in Paragraph 1 of the Complaint and lack knowledge and information sufficient to form a belief as to the purpose of Plaintiffs' lawsuit.

2.   Defendant Benedict denies the allegation contained in Paragraph 2 of the Complaint except admits that information had been deleted and recovered from a computer.

3.   Defendant Benedict denies the allegations contained in Paragraph 3 of the Complaint, but

admits that he was hired as President of Vie Luxe and that many tasks were incumbent upon him, and deleted email on a computer about which he informed Plaintiffs' Counsel. Benedict denies knowledge and information sufficient to form a belief as to a lost order or the costs incurred in retrieving deleted date.

4. Defendant Benedict lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Complaint, but denies the enumerated allegations contained therein.

5. Defendant Benedict denies the allegations contained in Paragraph 5 of the Complaint except admits that he was hired and managed Vie Luxe and entered into certain restrictive covenants.

6. Defendant Benedict denies the allegations contained in Paragraph 6 of the Complaint except admits that he has formed Daniel Benedict Design, Inc.

7. Defendant Benedict denies the allegation contained in Paragraph 7 of the Complaint except admits that Defendant Brown was asked to join him at Daniel Benedict Design, Inc. That relationship was terminated immediately after Judge Preska issued a Temporary Restraining Order in this case.

8. Defendants Daniel Benedict and Daniel Benedict Design deny the allegations contained in Paragraph 8 of the Complaint and otherwise lack knowledge and information sufficient to form a belief as to the veracity or necessity of the relief sought from the Court.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint, but Defendant Benedict denies that he was a mere "at will" employee of Vie Luxe and that he

was entitled to proper notice and cause for termination under the terms of the Second Amended And Restated Operating Agreement which was not given resulting in an attempt to wrongfully terminate him on April 10, 2008.

12. Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13. Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny that this is the proper venue as Plaintiffs have not and will not be able to prove the requisite elements to confer subject matter jurisdiction upon this Court.

15. Defendants deny the allegations in Paragraph 15 of the Complaint as the state-based claims have no relationship to the fabricated federal claim brought under 18 USC §1030.

16. Defendants admit the allegations contained in Paragraph 16 of the Complaint.

17. Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18. Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Complaint.

19. Defendant Benedict admits the allegations contained in Paragraph 19 of the Complaint but denies that the compensation was generous. In fact, over the years, Defendant Benedict, as a minority shareholder, was compelled by majority member, Plaintiff Gubelmann, into taking tens of thousands of dollars in pay cuts and forfeiting a 75% portion of the equity interest he had in Vie Luxe to prevent her from further breaching her fiduciary duties owed to him and shutting down the Company.

20. Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21. Defendant Benedict admits the allegations contained in Paragraph 21 of the Complaint to the extent that the Membership Agreement contained provisions related to his

employment. That agreement is the best evidence of what the parties agreed to. Defendants deny that any of those terms were violated.

22. Defendant Benedict denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant Benedict admits the allegations contained in Paragraph 23 of the Complaint.

24. Defendant Benedict admits the allegation contained in Paragraph 24 of the Complaint, but lacks knowledge and information sufficient to form a belief as to the size of the contributions that Plaintiff made to the Company and whether those contributions were substantially above what Gubelmann expected to put in prior to starting the Company.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint as it was Defendant Daniel Benedict and Defendant Michele Brown who brought almost all of the clients to Vie Luxe from their previous employer, Slatkin & Company. Plaintiff Gubelmann lacked any contacts in the industry, lacked any business acumen and lacked any ability to generate a real client base that would have remotely accounted for the sales of Vie Luxe products.

26. Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 26 of the Complaint.

27. Defendant Benedict denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant Benedict denies the allegations contained in Paragraph 28 of the complaint and notes that he did in fact lend money to the Company which has not been repaid. Further, Defendant Benedict forfeited 75% of his equitable interest in Vie Luxe when so compelled by majority member, Plaintiff Gubelmann.

29. Defendant Benedict denies the allegations contained in Paragraph 29 of the Complaint but admits that monies were infused into the Company in 2006 and that discussion were

held regarding his compensation.

30. Defendants admit the allegations contained in Paragraph 30 of the Complaint.

31. Defendant Benedict admits th allegations in Paragraph 31 of the Complaint.

32. Defendant Benedict admits the allegations contained in Paragraph 32 of the Complaint to the extent that the Second Amended Operating Agreement has provisions related to termination for cause. That document is the best evidence of what the parties agreed to.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraphs 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 39.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint but admit that Plaintiffs wrongfully attempted to terminate him and his minority member interest in Vie Luxe on April 10, 2008.

42. Defendants admit the Allegations contained in Paragraph 42 of the Complaint.

43. Defendants lack knowledge and information sufficient to form a belief as to Paragraph 43 of the Complaint and deny that anything was intentionally concealed from Gubelmann.

44. Defendants admit the allegations contained in Paragraph 44 of the Complaint to the extent that the Second Operating Agreement contains provisions related to termination of

interests and that the Agreement is the best evidence of what the parties are entitled to.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint except that a relationship was maintained with Defendant Brown until issuance of a Temporary Restraining Order.

47. Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 47 of the Complaint.

48. Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 48 of the Complaint.

49. Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 49 of the Complaint.

50. Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 50 of the Complaint.

51. Defendants reassert their answers to Paragraphs 1-50 above.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants admit the allegations contained in Paragraph 53 of the Complaint to the extent that emails were deleted and recovered from a computer and that the same emails and information should be stored on a variety of computers under the custody or control of Plaintiffs.

54. Defendants admit the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint but admit that a computer was returned on or about that time.

58. Defendants admit the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant admits the allegations contained in Paragraph 60 of the Complaint and previously notified Plaintiffs that personal email had been deleted from the computer.

61. Defendants admit the allegations contained in Paragraph 61 of the Complaint but deny that any designs were improperly deleted from the computer.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint and states that he did always act in the best interests of the company.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint and lacks knowledge or information sufficient to form a belief about the cancellation of any orders of Vie Luxe.

69. Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 69 of the Complaint.

70. Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in the Complaint and defer any such legal conclusions to the Court.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint and lack knowledge or information with regard to any claim for damages.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants reassert their responses to Paragraphs 1-75 above.

77. Defendants deny the allegations contained in Paragraph 76 of the Complaint and state that the Agreement is the best evidence of any understandings of the parties.

78. Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 78.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants reassert their responses to Paragraphs 1-79 above.

81. Defendants lack knowledge and information sufficient to form a belief as to what clients Vie Luxe maintains except note that Plaintiff Gubelmann had indicated that she was not interested in pursuing private label clients at or about the time that attempts were made to terminate Defendant Benedict and his minority member interest.

82. Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 82 of the Complaint.

83. Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants reassert their responses to Paragraphs 1-87 above.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint and the Membership Agreement is the best evidence of any agreements entered into by Defendant Benedict.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint except that Defendant Benedict was authorized to delete email on his computer.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants reassert their responses to Paragraphs 1-92 above.

94. Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint except admit that he was authorized to delete email from his computer.

96. Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98. Defendants reassert their responses to Paragraphs 1-97 above.

99. Defendants lack knowledge or information sufficient to form a belief as to Paragraph 99 as it calls for a legal conclusion reserved exclusively to the Court.

100. Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104. Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105. Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106. Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107. Defendants reassert their responses to Paragraphs 1-106 above.

108. Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 108 of the Complaint as it calls for a legal conclusion.

109. Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 109 of the Complaint as it calls for a legal conclusion.

110. Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraphs 110 of the Complaint.

111. Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112. Defendants reassert their responses to Paragraphs 1-111 above.

113. Defendants admit the allegations contained in Paragraph 113 of the Complaint.

114. Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 114 of the Complaint as it calls for a legal conclusion.

115. Defendants deny the allegations contained in Paragraph 115 of the Complaint in that proper notice was not given, there was no cause for the attempted termination, and Benedict's interests could not and have not been terminated under those circumstances.

116. Defendants deny the allegations contained in Paragraph 116 of the Complaint except admits that there was correspondence sent on his behalf.

117. Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118. Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119. Defendants deny the allegations contained in Paragraph 119 of the Complaint which calls for a legal conclusion and also action which Gubelmann has not taken.

120. Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121. Defendants reassert their responses to Paragraphs 1-120 above.

122. Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123. Defendants deny the allegations contained in Paragraph 123 of the Complaint and any relationship between the parties has been terminated since June 24, 2008 when the Court issued a Temporary Restraining Order.

124. Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125. Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126. Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127. Defendants deny the allegations contained in Paragraph 127 of the Complaint and lack knowledge or information to form a belief as it calls for a legal conclusion reserved to the Court.

128. Defendants deny the allegations contained in Paragraph 128 of the Complaint and lack knowledge or information to form a belief as it calls for a legal conclusion reserved to the Court.

129. Defendants deny the allegations contained in Paragraph 129 of the Complaint and lack knowledge or information to form a belief as it calls for a legal conclusion reserved to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

130. Failure to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

131. Lack of subject matter jurisdiction.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

132. Plaintiffs' come to this Court with 'unclean hands' seeking relief to which they are not entitled. Defendant Benedict was and is a minority member of Vie Luxe and as such is owed a fiduciary duty by Plaintiffs to protect his interests in the Company. On multiple occasions, Plaintiff Gubelmann compelled Benedict to reduce his equity, salary, and bonuses by threatening to shut down Vie Luxe unless he agreed to her demands. He was forced to forego tens of thousands of dollars in salary and increases to which he was rightfully entitled, as well as relinquishment of up to 75% of his equity stake in Vie Luxe to appease Gubelmann and prevent her from following through on her threats. A disagreement arose between Gubelmann and Benedict in 2008 about compensation that was earned in the previous year based on nearly $1.4 million dollars in gross sales. Plaintiffs refused to pay to Defendant Benedict what he believed he was entitled. This time Benedict refused to give in. Thereafter Gubelmann attempted to fabricate cause and terminate Benedict's employment and minority membership interest in Vie Luxe. The requisite notices of intent to terminate, opportunities to cure, and adequate cause have never been established as required by the various agreements entered into between the parties. Having breached the critical elements of these agreements (agreements which were drafted by Plaintiffs) Gubelmann has breached her contractual and fiduciary duties to Benedict and therefore comes into the lawsuit with unclean hands which preclude her and Vie Luxe from receiving the relief they seek from this Court.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE AND FIRST COUNTER-CLAIM
### (BREACH OF FIDUCIARY DUTY)

133. Plaintiffs have breached their fiduciary duties owed to Defendant Benedict who is a

minority member in Vie Luxe. They have breached contracts with their minority member, Daniel Benedict, by failing to abide by oral and written agreements approved by Gubelmann and her accountant, Julie Bedard, as well as using the power of Gubelmann's majority interest in Vie Luxe to threaten and extort Benedict into accepting modification or elimination of prior oral and written agreements lest Gubelmann shut down the company to the detriment of Benedict as minority member. As a result, Defendant Benedict has been damaged in lost earnings and a decreased equitable share of Vie Luxe in an amount to be determined at trail but not less than $500,000.00

## AS AND FOR A SECOND COUNTER-CLAIM

### (BREACH OF CONTRACT)

134. Plaintiffs and Defendant Benedict entered into several oral and written agreements including an agreement and corresponding benchmark measurements that were agreed upon in 2006 that would reward Benedict with greater salary and increases based upon improved gross sales and company performance. Benedict met and exceeded the benchmarks established for him in the 2006 agreement entitling him to increases. Benedict met the benchmarks for the performance on the Company in 2007 and requested that he be awarded his earned increase. Discussions ensued with Benedict and Gubelmann and no increase was paid to him in violation of those contractual agreements. As a result of Plaintiffs' breach, Benedict has been damaged in an amount of not less than $22,500.

## AS AND FOR A THIRD COUNTER-CLAIM

### (WRONGFUL TERMINATION)

135. Plaintiffs have wrongfully attempted to terminate Defendant Benedict in that they had no

cause to seek his termination as required under Section 12 of the Second Amended And Restated Operating Agreement, they failed to provide him proper notice under Section 4.07 of the Membership Interest Acquisition Agreement and Section 16(b) of the Second Amended And Restated Operating Agreement entered into between the parties. When Benedict asked for clarification of the alleged cause for termination so that he might cure, as was his right, they declined to clarify, thus leaving the cause both vague and non-reviewable. They could not terminate Benedict for any reason as Vie Luxe owed him in excess of $14,885.00 as set for in Section 7(b)(ii) and Section 12 of the Second Amended And Restated Operating Agreement entered into between the parties. As such, Defendant Benedict has been wrongfully terminated from Vie Luxe, his minority interest in Vie Luxe has been wrongfully terminated, and his reputation and stature as a professional have been undermined by the false allegations made by Plaintiffs causing him damage in an amount to be determined at trial, but an amount not less than $500,000.00.

Dated: New York, New York
July 2, 2008

_____
Michael Kennedy, Esq. (MK 4403)
The Law Offices of Michael Kennedy, Esq.
419 Park Avenue South - 16th Floor
New York, New York 10016
212-935-4500
Attorneys for Defendants-CounterClaimants,
Daniel Benedict and Daniel Benedict Design