# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA

NEW YORK, NEW YORK 10004

ANNE C. PATIN
PARTNER
(212) 574-1516
patin@sewkis.com

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

1200 G STREET, N.W.
WASHINGTON, D.C. 20005
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

July 23, 2008

VIA FACSIMILE

Hon. Loretta A. Preska, USDJ
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/6/08

Re: Vie Luxe International, LLC and Marjorie Gubelmann
Raein v. Daniel Benedict, Daniel Benedict Design, Inc. and
Michele Brown, No. 08 Civ. 5023 (LAP)

Dear Judge Preska:

      We represent Plaintiffs Vie Luxe International, LLC ("Vie Luxe") and Marjorie Gubelmann Raein ("Gubelmann") in the above-referenced matter. We write to advise Your Honor that Plaintiffs have learned that Defendants Daniel Benedict and Daniel Benedict Design, Inc. (the "Benedict Defendants") have again interfered with Plaintiff Vie Luxe's existing client relationships and caused the cancellation of yet another customer order in violation of the explicit terms of the Temporary Restraining Order entered by Your Honor on June 24, 2008 (the "June 24 TRO"). The Benedict Defendants interference with Vie Luxe client relationships and the loss of client orders as a result was the impetus behind seeking relief from the Court in the first place. We request a pre-motion conference to seek leave to file a motion for contempt and sanctions against the Benedict Defendants for violation of the June 24 TRO.

      Under the June 24 TRO, Defendants are enjoined and restrained from, *inter alia*, "(iii) causing or attempting to cause any customer that [Benedict] serviced or learned of while in the employ of the Company ("Customer"), or any potential customer of the Company which has been the subject of a known written or oral offer or proposal by the Company, or of substantial preparation of such a proposal or offer, within twelve months prior to his termination ("Potential Customer"), licensor, supplier, or vendor of the Company to reduce or sever its affiliation with the Company; (iv) performing any work or services for, any Customer or Potential Customer, which business, work or services is similar or related to the business of the Company; or (v) otherwise interfering with the business or accounts of the Company." *See* June 24 TRO.

At a trade show held from July 10 – 15, 2008, an existing client of Vie Luxe, Two Friends, placed an order with Vie Luxe to purchase scented candles. That order was confirmed in writing by Vie Luxe on July 18, 2008. Two Friends has been Vie Luxe's client since 2007. On July 21, 2008, Two Friends called Vie Luxe to cancel its order. When asked why, Two Friends indicated that it was placing the order with Benedict instead.

The Benedict Defendants' disregard for the Court's order and their ongoing interference with Vie Luxe's business during the pendency of the Injunction hearing (scheduled for August 7 and 8, 2008) further demonstrates the imminent and irreparable harm that Plaintiffs will suffer, including, but not limited to the destruction of Vie Luxe's client relationships and good will, if Defendants are permitted to continue to breach their express restrictive covenants and interfere with Vie Luxe's business. The Benedict Defendants' cavalier indifference towards the restrictions confirmed by the June 24 TRO is an affront to this Court and to the judicial process. Accordingly, Plaintiffs respectfully request this Court schedule a pre-motion conference and allow plaintiffs to move for contempt including the imposition of such sanctions as the Court deems just and proper.

Respectfully submitted,

Anne C. Patin

Anne C. Patin

cc: Michael Kennedy, Esq. (via facsimile)

SK 26271 0003 903591

*[Handwritten order:]* Plaintiffs may proceed with the motion. Counsel shall confer and inform the Court promptly how they propose to proceed, including whether testimony on this topic will be included in the upcoming hearing.

So ordered
Loretta A. Preska
USDJ

August 4, 2008